IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GONZALES,

        Plaintiff,

v.                                                                                                          CIV 14-0026 KG/KBM

QUICK LOAN FUNDING, THE BANK
OF NEW YORK, As Trustee for the
Benefit of the Certificate holders,
CWABS, Inc., Asset-backed
Certificates, Series 2007-BC3, Does 1-
25 Inclusive,

        Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte.* The Court scheduled a telephonic status conference for Tuesday, May 27, 2014, at 2:00 p.m. (*Doc. 18*). Attorney Jason Bousliman appeared on behalf of Defendant Bank of New York. Plaintiff Michael Gonzalez, pro se, did not appear at the status conference. Mr. Bousliman advised the Court that he has spoken to Mr. Gonzales and confirmed Mr. Bousliman's correct address to which notice was sent. Mr. Bousliman further advised that he also sent Mr. Gonzales a copy of the Court's Order Setting Telephonic Status Conference and filed a Certificate of Mailing regarding the same (*Doc. 19*). Nevertheless, Mr. Gonzales failed to appear.

Mr. Gonzales also has failed to respond to Bank of New York's Motion to Dismiss filed January 13, 2014 (*Doc. 7*). At the telephonic status conference, Mr. Bousliman

1

indicated that he had discussed with Mr. Gonzales that his failure to file a pleading in opposition to the motion in federal court could be deemed consent to grant the motion pursuant to our district's local rules.  Mr. Bousliman had offered to give an extension for doing so, but none was requested.  Therefore, a notice of completion of briefing was recently filed *(Doc. 20)..*

Given the above circumstances, including a clear disregard of an order of this Court, there would appear to be a manifest lack of interest on the part of Plaintiff in litigating this matter in federal court where it has been removed from state court.  According to Mr. Bousliman, however, Mr. Gonzales continues to attempt to invoke the jurisdiction of the state court where jurisdiction no longer resides.  *See Doc. 1.*  In the absence of grounds for remand and a motion and order to that effect, Mr. Gonzales is not free to disregard the orders of this Court without consequences.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

S*ee also, e.g., United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 856 (10th Cir. 2005) ("We . . . dismiss the appeal *sua sponte* as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. . . . Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

Based on Plaintiff's failure to appear at the status conference, failure to respond to Defendant's motion to dismiss, and the lack of activity in this case, Plaintiff will be required to appear in person to show cause why I should not recommend to the presiding judge that this case be dismissed.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff shall appear before me, in person, on **TUESDAY, JUNE 17, 2014, at 10:00 am at 333 Lomas Blvd., NE, 5th Floor, Cimarron Courtroom**, to show cause why this case should not be dismissed. Plaintiff is also hereby notified that failure to appear at the time and date listed above to respond to this Order may result in dismissal without further notice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE