IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GONZALES,

      Plaintiff,

v.                                                    CIV 14-0026 KG/KBM

QUICK LOAN FUNDING, THE BANK
OF NEW YORK, As Trustee for the
Benefit of the Certificate holders,
CWABS, Inc., Asset-backed Certificates,
Series 2007-BC3, Does 1-25 Inclusive,

      Defendants.

## REPORT AND RECOMMENDATION
## TO DISMISS ACTION WITH PREJUDICE

THIS MATTER comes before the Court on its Second Order to Show Cause (*Doc. 24*) issued on June 17, 2014, ordering Plaintiff Michael Gonzales, appearing p*ro se*, to personally appear before me to show cause why this case should not be dismissed. Plaintiff did not appear at the hearing and, for the following reasons set forth below, I recommend that this action be dismissed with prejudice.

Plaintiff initiated this case on December 3, 2013, in the First Judicial District Court for the State of New Mexico. *Doc. 5*. It appears that Defendants properly removed the action to this Court on January 8, 2014 on the basis of diversity of citizenship subject matter jurisdiction. *See Doc. 1*. Plaintiff has not sought remand.

In fact, Plaintiff has not filed any documents, provided any disclosures, participated in hearings set by the Court or otherwise prosecuted this matter despite knowledge of the need to do so. Although it appears the Clerk's initial mailing address

for Plaintiff was incorrect, all documents were re-sent by the Clerk to Mr. Gonzales at his verified correct address on "Indian Circle" on April 23, 2014.  Defendant Bank of New York has also been providing copies of all documents it has filed to Plaintiff at his correct address via the United States Postal Service.  A "court only" staff note on the docket sheet verifies that Mr. Gonzales has been aware since at least April 21, 2014 that this action had been removed to federal court.

Nevertheless, Mr. Gonzales has taken no action to prosecute the action here in federal court.  Indeed, on January 13, 2014, the Bank of New York filed a motion to dismiss to which Plaintiff has filed absolutely no response.  I therefore scheduled a telephonic status conference to make sure that Plaintiff knew that, pursuant to our local rules, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  Plaintiff failed to call in as directed by the Order setting the conference, however.  I then entered an Order to Show Cause detailing Plaintiff's failure to prosecute the action here and failure to comply with the orders of this Court.  *See Doc. 22,* filed May 27, 2014.  Plaintiff again failed to appear at the June 17, 2014 hearing on that Order to Show Cause.  Out of an abundance of caution due to a typographical error in the address of the courthouse on the OSC, the Court set yet another hearing for today, July 11, 2014 at 10:00 a.m.  *See Doc. 24*, filed June 17, 2014.  Plaintiff once again failed to appear.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such

sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also, United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 856 (10th Cir. 2005) ("We . . . dismiss the appeal *sua sponte* as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. . . .   Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines.   The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

Further, a district court may dismiss an action under Rule 41(b) of the Federal Rules of Civil Procedure after finding that certain enumerated criteria support a dismissal. *Childs v. GEO Group*, 521 Fed. App'x 694 (10th Cir. 2013) (applying criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) which established criteria in the context of sanctions pursuant to Rule 37).1   The *Ehrenhaus* factors include:

---

1  Under Federal Rule of Civil Procedure 37, the Court may impose sanctions when a party fails to make disclosures, cooperate in discovery, or comply with court orders.   Such sanctions may include dismissal of

"(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.*   In the instant case, all of the *Ehrenhaus* factors weigh in favor of dismissal.

The degree of actual prejudice to the Defendant is great.   Since removal of this case six months ago, Defendants have had to spend much time and money in obtaining counsel, preparing and filing a motion to dismiss, attending hearings, and otherwise defending this case.   When a party is required to expend time and money in litigation only to be thwarted by the opposing party's failure to follow the Rules of Civil Procedure, they are actually prejudiced.   *See, e.g., Atlas Resources,* 2011 WL 10563364 at *50; E.E.O.C. v. Roswell Radio, Inc.*, 2007 WL 5685110, *13 (D.N.M. 2007) (unpublished).

The amount of interference with the judicial process is also significant, and the culpability of Plaintiff is clear.   As noted above, Plaintiff has not participated in this case in any way, he has disregarded the Court's Orders by failing to attend properly scheduled and noticed hearings, *Docs. 21, 23* and *25*.   Counsel for Defendant represented that he provided actual notice to Mr. Gonzales of both the hearing times and Plaintiff's obligation to respond to the motion to dismiss.   *Doc. 22.*   Further, the Court has twice warned Plaintiff that his claims may be dismissed due to his failure to prosecute this case and abide by the Court's orders and rules.   *See Docs. 22, 24.*   Nor does it appear that lesser sanctions would be effective given Plaintiff's complete failure to move this case forward or

---

the action with prejudice.   *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

contact the Court.   A proper inference would be that Mr. Gonzales has lost interest in the prosecution of his claims.

Alternatively, as discussed above, Plaintiff's case may be dismissed on the merits of Defendant's Motion to Dismiss *(Doc.7)* given Plaintiff's failure to file a response in opposition to granting the motion.   *See* D.N.M.LR-Civ. 7.1(b).

Wherefore*,*

**IT IS HEREBY RECOMMENDED** that this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE